**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:05CV296 |
| vs. | ) | |
| | ) | ORDER |
| NILS HUXTABLE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's Motion for Protective Order (#60), defendant's response in opposition (#68), plaintiff's reply (#71), and the parties' accompanying briefs and evidentiary submissions.

In summary, the plaintiff (UPRR) alleges causes of action for trademark infringement, trademark dilution, unfair competition, common law trademark infringement, and violation of the Nebraska Uniform Deceptive Trade Practices Act based on the use of UPRR's registered trademarks in calendars published by the defendant. Defendant, in turn, alleges that plaintiff's claims are barred by laches; acquiescence; unclean hands and trademark misuse amounting to restraint of trade under the antitrust laws of the United States; abridgement of free speech in violation of U.S. Const. amend. 1; abandonment of the marks; the marks are not inherently distinctive and are not entitled to protection; and defendant's use of the "Union Pacific" word mark constituted a nominative fair use.  By counterclaim, defendant seeks a declaration of non-infringement, non-dilution, no unfair competition, and no violation of the Nebraska Uniform Deceptive Trade Practices Act. Defendant further alleges that UPRR tortiously interfered with defendant's business

relationships and expectancies and that UPRR disparaged the business, products and services of the defendant.

The motion under consideration concerns notices of deposition as to Richard K. Davidson and James R. Young.  Mr. Davidson is Chairman of the Board of UPRR and Mr. Young is the CEO and President of UPRR.  UPRR seeks a protective order, arguing that these are "apex" depositions and that its corporate officers cannot be deposed unless the defendant can prove that Davidson and Young have unique or superior knowledge as to the issues in this case; a Rule 30(b)(6) deposition is insufficient; written interrogatories of Davidson and Young would be insufficient; and Davidson and Young possess information necessary to this case.

The scope of discovery in a civil case is limited by Fed. R. Civ. P. 26, as follows:

> **(b)   Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
> > **(1) In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

As the court noted in *Speadmark, Inc. v. Federated Department Stores, Inc.*, 176 F.R.D. 116, 118 (S.D.N.Y. 1997), it is not the burden of the party seeking to conduct a deposition to prove that a corporate executive has relevant personal knowledge of any of the facts of the case.

-2-

An order barring a litigant from taking a deposition is most extraordinary relief. *E.g., Investment Properties Int'l, Ltd. v. IOS, Ltd.*, 459 F.2d 705, 708 (2d Cir. 1972); *Naftchi v. New York University Medical Center*, 172 F.R.D. 130, 132 (S.D.N.Y. 1997). It is the party seeking such an order that bears the burden of proving that the proposed deponent has nothing to contribute. *See, e.g., Naftchi, supra.* And it is clear in this case that [the defendant's chairman and chief executive officer] is sufficiently likely to have knowledge of matters that appropriately are the subject of discovery that the [protective order sought] is inappropriate irrespective of the burden of proof.

Defendant's response demonstrates that the defendant has sought discovery from other sources and, further, that Messrs. Davidson and Young are likely to have unique historic knowledge relevant to the issues raised in the parties' claims. Corporate executives are not immune from being deposed in federal litigation, and it appears highly unlikely that these particular depositions were scheduled for any improper purpose. The motion for protective order will be denied.

Noting defendant's request for fees, I find that the circumstances of this incident would make an award of expenses unjust and decline to award costs or fees. *See* Fed. R. Civ. P. 37(a)(4)(B)

For these reasons,

**IT IS ORDERED** that plaintiff's Motion for Protective Order (#60) is denied.

**DATED March 10, 2006.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**

-3-