# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, )<br>)<br>Plaintiff, )<br>) <br>vs. )<br>)<br>NILS HUXTABLE, )<br>)<br>Defendant. ) | 8:05CV296<br><br>ORDER |

This matter is before the court on defendant's Motion to Compel compliance with subpoenas duces tecum served on U.S. Bank on March 8, 2006 and May 8, 2006 [115]. U.S. Bank has filed a response in opposition [138].

The March 8 subpoena commanded the production by March 15, 2006 of:

Any and all copies of checks in the possession of U.S. Bank written on the account of Union Pacific Railroad Company to Nils Huxtable or Steamscenses [sic] during the period of January 1, 1999 to the present.

The May 8 subpoena commanded the production by May 19, 2006 of:

Any and all copies of checks in the possession of U.S. Bank written on the account of Union Pacific Railroad Company to Nils Huxtable or Steamscenses [sic] during the period of January 1, 1995 to the present.

Although the Bank's records custodian contacted defense counsel on several occasions to request that defendant reduce the scope of the subpoenas, U.S. Bank did not serve written objections to either subpoena within the time allowed by Fed. R. Civ. P. 45(c)(2)(B). Defendant was unable to accommodate the Bank's request. In the absence of any written objection[1], defendant filed this Motion to Compel.

---

[1] Rule 45(c)(2)(B) provides, in part: "*If objection has been made*, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production." It does not appear that defendant was required to give the Bank prior notice of the Motion to Compel, as the Bank did not serve any written objection to either subpoena. It is unclear when the bank referred this matter to counsel. NECivR 7.1(i) requires consultation among counsel for the parties to the lawsuit and does not strictly

The Bank advises that there are 13 separate accounts which could contain responsive records. It now asks that the subpoenas be quashed because compliance with the May 8 subpoena would require it to review over two million documents and would cost over $60,000.

Rule 45(c)(2)(B) provides that any order compelling production "shall protect any person who is not a party ... from significant expense resulting from the inspection and copying commanded." "[P]rotection from significant expense does not mean that the requesting party necessarily must bear the entire cost of compliance." *In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992). Relevant factors in determining how much of the expense of production the requesting party should bear includes whether the non-party actually has an interest in the outcome of the case, whether the non-party can more readily bear its costs than the requesting party, and whether the litigation is of public importance. *Id. Accord Linder v. Calero-Portocarrero*, 180 F.R.D. 168 (D.D.C. 1998), *aff'd*, 251 F.3d 178 (D.C. Cir. 2001).

Although I may be mistaken, it does not appear that the defendant or Steamscenes received payments from Union Pacific on a regular basis. It is possible that the defendant maintains business records which would allow it to identify discrete periods of time during which such payments were received.

I find that by failing to timely serve written objections, U.S. Bank has, technically, waived its objections to these subpoenas. *See McCabe v. Ernst & Young, LLP*, 221 F.R.D. 423, 424-25 (D.N.J. 2004):

in order to preserve its right to object to a subpoena, a non-party must serve

---

apply in this instance. In any event, the Bank's materials tend to demonstrate that defense counsel substantially complied with Rule 7.1(i) before filing this motion.

> written objection within 14 days after service of the subpoena. The objection forces the subpoenaing party to seek an order compelling document production. When a court compels document production, it must protect a non-party from significant production expenses. Absent an order, a non-party bears its own production expenses.

(Citations omitted). Considering the factors set out in *Linder v. Calero-Portocarrero*, I further find that the cost of compliance is excessive.

I find that the Motion to Compel should be granted; however, because Rule 45 requires the court to protect non-parties from significant expense resulting from the inspection and copying commanded, I find that the defendant should be required to bear all costs of production exceeding $5,000.00. The defendant and U.S. Bank shall bear their own costs and attorney's fees incurred with respect to this motion.

**IT IS SO ORDERED.**

**DATED August 10, 2006.**

                                         **BY THE COURT:**

                                         s/ F.A. Gossett
                                         **United States Magistrate Judge**